**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS L. O'NEAL,

        Petitioner - Appellant,

v.

MARTY SIRMONS, Warden; DREW
EDMONDSON, Attorney General,

        Respondents - Appellees.

No. 08-6033
(W. D. Oklahoma)
(D.C. No. 5:07-CV-01090-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Travis L. O'Neal was convicted on November 16, 2005, by an Oklahoma

state-court jury of first-degree felony murder and sentenced to life in prison. The

Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on

March 15, 2007. On September 27 Mr. O'Neal filed in the United States District

Court for the Western District of Oklahoma a pro se application for relief under

28 U.S.C. § 2254. The application raised the following claims for relief: (1) that

the evidence was insufficient to support a guilty verdict; (2) that trial counsel was

ineffective in not finding and utilizing a codefendant's statement that would have

exculpated him; (3) that he was denied a fundamentally fair trial when the

prosecutor read to the jury the information, which charged a conspiracy offense

that was barred by the statute of limitations (and was dismissed on that ground later during the trial); and (4) that the prosecutor's reference to his street name, "Rampage," constituted prosecutorial misconduct and his attorney's failure to object to this misconduct was ineffective assistance of counsel. The district court denied relief, adopting the magistrate judge's Report and Recommendation. It also denied Mr. O'Neal's application for a certificate of appealability (COA). *See id.* § 2253(c) (requiring COA to appeal denial of application). He now seeks a COA from this court. He asserts in his application for a COA that he is challenging the district court's denial of all four claims in his § 2254 application. His brief in this court, however, addresses only claims 1 and 2. Because he failed to address the remaining claims in his brief, we do not consider them. *See United States v. Smith*, No. 07–3061, 2008 WL 2814809, at *3 (10th Cir. July 23, 2008) ("we decline to address . . . issues that were only raised summarily."). We deny the request for a COA and dismiss this appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In

determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes deferential standards of review for state-court factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). And legal conclusions are afforded substantial deference. If the federal claim was adjudicated on the merits in the state court,

> we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. 2254(d)(1) and (2)). As we have stated:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established

-3-

federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets, citations, and internal quotation marks omitted).

Mr. O'Neal's first claim is that "the evidence to sustain a Murder 1 conviction was insufficient." Aplt. Br. at 6. "Evidence of guilt is sufficient if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (internal quotation marks omitted). After reviewing the evidence, the magistrate judge concluded that "the OCCA made a reasonable determination when it found that Mr. O'Neal's own admission to being a willing participant of the crime, by acting as a lookout, was sufficient (with other corroborative evidence) to support a conviction for felony murder." *O'Neal v. Sirmons*, No. CIV-07-1090-C, Report & Recommendation at 8 (W.D. Okla. Feb. 14, 2008) (brackets and internal quotation marks omitted). In light of the deference owed under AEDPA to the OCCA's ruling, no reasonable jurist could debate that the district court's decision on this issue was incorrect.

Mr. O'Neal also contends that trial counsel's failure to discover and introduce at trial a tape-recorded statement of a codefendant constituted ineffective assistance of counsel. According to Mr. O'Neal's § 2254 application,

the statement "exculpates [him] or in the Alternative minimizes his participation in the event to negate guilt . . . ." R. Vol. II, Pet. for Writ of Habeas Corpus at 4. The OCCA, however, had stated:

> [E]ven taking [Mr. O'Neal's] representations about the evidence as true, we find nothing exculpatory in them. According to [Mr. O'Neal's] representations, his co-defendant's hearsay statement corroborated [Mr. O'Neal's] own admissions to being a "lookout" during the crime.

*O'Neal v. State*, No. F-2005-1256, slip op. at 2 n.1 (Okla. Crim. App. March 15, 2007). The magistrate judge, after reviewing the evidence, concluded that the OCCA's decision was reasonable and rejected the ineffectiveness claim. Again, in light of AEDPA deference, no reasonable jurist could debate that the district court's rejection of this claim was incorrect.

Next, Mr. O'Neal challenges the district court's refusal to entertain several claims not raised in his original § 2254 application. The application stated, "There's other issues I wish to raise, but at this time I'm being prevented from obtaining my trial transcripts. Issue's like tainted and falsified evidence, I was under the influence of drugs prescribed to me by Mental Health Officials in Oklahoma County Jail during my trial, which allowed for me to improperly make and not make some important decisions during my trial." R. Vol. II, Pet. for Writ of Habeas Corpus at 14. By letter dated October 22, 2007, he informed the court that he had obtained evidence that he wished to present to the court. He explained that he wanted this evidence to be "included . . . in regards to my

ineffective assistance of counsel claim, prosecution misconduct claim, and even more so, the Insufficient Evidence Claim." R. Vol. II, Doc 10. On October 24 the magistrate judge entered an order permitting him to file the supporting evidence by November 5. But Mr. O'Neal never submitted the evidence and did not amend his § 2254 application to include the claims. Instead, in his reply to the State's response to his application, Mr. O'Neal raised a new ground of ineffective assistance of counsel for failure to call as a witness the State's ballistics expert. Because Mr. O'Neal failed to submit the promised evidence, the district court refused to consider any new claims. In any event, these claims were not exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion). We therefore affirm the district court's refusal to consider them.

We DENY a COA and DISMISS the appeal. We GRANT Mr. O'Neal's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge